IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

CLINTON D. COX,

_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

                    vs.                    Case No:_____
                                           (To be supplied by the Clerk of this Court)

STURM RUGER & CO. INC.,

ROBERT L. DANAHER,

KIMBERLY PRITULA,

JENNIFER DYER,

MICHELE L. FERLAND,

_____

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

**CHECK ONE ONLY:**

_____      COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
             **U.S. Code** (state, county, or municipal defendants)

_____      COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
             **28 SECTION 1331 U.S. Code** (federal defendants)

__XX__       **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

**I.**   **Plaintiff(s):**

   A.   Name: CLINTON D. COX

   B.   List all aliases: N/A

   C.   Prisoner identification number: # 13883-014

   D.   Place of present confinement: F.C.I. Pekin

   E.   Address: Post Office Box 5000, Pekin, Ill. 61555-5000

   (If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

**II.**   **Defendant(s):**
   (In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

   A.   Defendant: Robert L. Danaher

        Title: General Counsel

        Place of Employment: Sturm Ruger

   B.   Defendant: Kimberly Pritula

        Title: Manager of Exports

        Place of Employment: Sturm Ruger

   C.   Defendant: Jennifer Dyer

        Title: Senior Records Clerk

        Place of Employment: Sturm Ruger

   (If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Revised 9/2007

III.   **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A.   Name of case and docket number: __N/A__

B.   Approximate date of filing lawsuit: __N/A__

C.   List all plaintiffs (if you had co-plaintiffs), including any aliases: __N/A__

D.   List all defendants: __N/A__

E.   Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): __N/A__

F.   Name of judge to whom case was assigned: __N/A__

G.   Basic claim made: __N/A__

H.   Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): __N/A__

I.   Approximate date of disposition: __N/A__

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

3

Revised 9/2007

**IV.** **Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

See Attached Complaint

4

Revised 9/2007

Revised 9/2007

**V.    Relief:**

State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.

The Plaintiff seeks 40 million dollars in damages, for Fraud, Misrepresentation, and the Intentional Infliction of Emotional Distress:

VI.    The plaintiff demands that the case be tried by a jury.  ☒ YES    ☐ NO

### CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief.  I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this _22_ day of _Dec_, 20 _19_

_Clinton D Cox_
(Signature of plaintiff or plaintiffs)

Clinton D. Cox
(Print name)

# 13883-014
(I.D. Number)
F.C.I. Pekin

P.O. Box 5000

Pekin, Ill. 61555-5000
(Address)

Revised 9/2007

UNITED STATES COURT
DISTRICT OF NH

2019 DEC 26  AM 11: 50

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE  FILED

CLINTON D. COX,                    )

  Plaintiff,                       )

  v.                               )    Case No: _____

STURM RUGER & CO. INC.,            )

  Defendant(s),                    )

  Robert L. Danaher,               )

  Kimberly Pritula,

  Jennifer Dyer,                   )

  Michele L. Ferland,              )

---

### COMPLAINT:

---

**Now Comes** Clinton D. Cox, (hereinafter Plaintiff) by way of pro se representation, hereby submits the instant petition in support of his application for a tort.

### In Support Thereof, It Is Stated;

A Complaint must specify the time, place, speaker, and content of the alleged misrepresentations, explain how the misrepresentations were fraudulent and plead those events which give rise to a strong inference that the defendant had an intent to defraud, knowledge of the falsity or a reckless disregard for the truth. See **Croteau v. Olin Corp.** 704 F. Supp. 318, 322 (N.H. January 12, 1989). The Plaintiff notes, because the statute of limitations may be a particular concern here and because the course of events spanned many years.

(-1-)

It is especially important to allege when particular events hap-
pened. See **Salois v. Dime Savings Bank, FSB.**, 128 F.3d 20, 25 (1st
Cir. 1997).

### Relevant Facts:

Sturm Ruger is a Delaware Corporation with corporate headquarters
in Southport Connecticut. The facility at which it manufactures the
**9mm pistol** is located in Connecticut. **Sturm Ruger** manufactures all
of it's **P85 model pistols** at the Southport Connecticut plant where
it also keeps it's plans, drawings, and equipment related to the 9mm
pistol. The Plaintiff points out that pertinent Bureau of Alcohol,
Tobacco and Firearms regulations require each pistol to be marked
with its manufacturing origin. The factual allegations in the com-
plaint against the **Sturm Ruger** company, boil down to statements made
by it's employees in a criminal matter with the United States Dis-
trict Court in Connecticut. See **United States v. Cox,** 458 Fed. Appx.
79, 84 (2nd Cir. 2012), and also see **Cox v. United States,** 783 F.3d 145,
150 (2nd Cir. 2015) and **Cox v. United States,** 2018 U.S. Dist. Lexis
85439 (D. Conn. May 22, 2018). **Sturm Ruger's** custodian of records, **Ms.
Kimberly Pritula** and **Ms. Jennifer Dyer,** constructed a fraudulent
story as to the company's documents on firearm records. See (**Ms.** by
**Dyer's** and **Ms. Pritula's Affidavits**).

On approximately October 30, 2003, **Sturm Ruger** received from the
Plaintiff a letter dated October 27, 2003. See (**Ms. Pritula Affida-
vit**) It notes, requested information concerning the model types and
serial numbers of the four firearms upon which the jury convicted
the Plaintiff of violating 18 U.S.C. 924(c) including the **Ruger P95
model 9mm pistol** bearing serial number **311-91989.**

(-2-)

(which the Plaintiff asserted with evidence that the gun did not
exist) See Exhibit (**Sturm Ruger Website Page**) **Sturm Ruger** received a
second request for information from the Plaintiff on approximately
November 29, 2003 and requested information similar to the first let-
ter. On approximately November 17, 2003, **Sturm Ruger** mailed the
Plaintiff a letter informing him that it is company policy not to
communicate with any person in a correctional facility and that "we
are unable to send you any of the information you requested." See,
(**Ms.Pristula Affidavit**). The letter is signed by **K.M. Pristula,** the
custodian of records for **Sturm Ruger.**

Moreover, **Ms. Pristula** represents as noted above in a sworn affi-
davit only that the company did not send firearm information to the
Plaintiff because of policy. In addition, the company domestic web-
page identifies no such policy. See (**Attachment Sturm Ruger Webpage**).
The Plaintiff points out that the custodian of records. **Ms. Dyer** con-
structed a fraudulent story as to **Sturm Ruger's** documents on firearm
records. This is based in part on her statement in her sworn affida-
vit. The Plaintiff notes, according to the Superior Court of the
State of Connecticut document summary, the real firearm was recover-
ed by the Bridgeport Police Department on or about April 23, 1999
off of **Mr. Desmond Billups.** It should be noted that the gun was a
**Sturm Ruger pistol model P85** bearing the same serial numbers as the
information in **Ms. Dyer's** affidavit. See Exhibits (**Mr. Billups re-**
**ports**).

The core facts asserted in this complaint, in these correspondent
with **Ms. Pristula** and **Ms. Dyer** primarily functioned as a custodian of
evidence. This is an administrative function not "analogous" to the

advocacy of a prosecutor. See **Butz v. Economou,** 438 U.S. 478, 515,
98 S.Ct. 2894, 57 L.Ed.2d 895 (1978), nor otherwise intimately associ-
ated with the judicial process. See **Odd v. Malone,** 538 F.3d 202, 213
(3rd Cir. 2008)(denying claim of absolute immunity for a **"primarily
administrative"** function) and also see **Knowlton v. Shaw,** 704 F.3d 1,
5 (1st Cir. 2013) (Absolute immunity ... is not available to ... offi-
cials whose actions are primarily administrative ...) and **Perez v.
Ellington,** 421 F. 3d 1128, 1133 (10th Cir. 2005) (Absolute immunity
does not extend to actions that are investigative or administrative
in nature ... ) quoting **Pfeiffer,** 929 F.2d at 1490.

   As noted above, **Ms. Pristula** acted as an evidence custodian is con-
sistent first of all with **Sturm Ruger's** own description of its role
in Plaintiff's proceeding. Moreover, **Sturm Ruger** in house counsel,
(**Mr. Robert L. Danaher)** represented to the District Court evaluating
Plaintiff's motion for a new trial, that **Sturm Ruger's** policy are
not to respond to requests for information from incarcerated indivi-
duals or their family members, and notes the absence of any record
of correspondence from **Sturm Ruger** addressed directly to Plaintiff
other than the November 17, 2003 letter. Instead, **Sturm Ruger** stated
that, in responding to the subpoena and court order, it had been a
non-party from which the Plaintiff sought discovery. In that capa-
city, **Sturm Ruger** claimed to have acted as any other non-part might.
The Plaintiff points out the characterization of **Ms. Pristula's** fun-
ction follows from this admission by **Strum Ruger** that it was not the
prosecutor but rather a non-party simply providing requested evi-
dence. Other key facts alleged confirm this characterization as to
**Ms. Pristula's** herself. **Ms. Pristula's** role in **Sturm Ruger** company
was to provide the requested information to **Ms. Dyer.**

(-4-)

However, a different in house unit division, counsel **Mr. Danaher**
works, handled **Sturm Ruger's** responses to the subpoena. **Ms. Pristula,**
in other words, was involved in the response to the subpoena and
court order only because she was the person familiar with the mate-
rials requested. This complaint thus asserts that **Ms. Pristula's**
primary role was to inform both **Mr. Danaher** and **Ms. Dyer** about the
existence, or non-existence, of responsive documents among those ma-
terials.

The administrative nature of this role here is further apparent in
the nature of the subpoena and order. The subpoena requested all re-
levant documents and the order of any previously undisclosed docu-
ments.  Informing counsel **Mr. Danaher** whether documents responsive
to such explicit orders existed among the Plaintiff's materials did
not require advocacy by **Ms. Pristula**. In this view, the Plaintiff
points out would be consistent with **Odd,** 538 F.3d at 213.

### Governing Law:

Under Federal Rule of Civil Procedure 9(b) "a party must state
with particularity the circumstances constituting fraud or mistake."
**Fed. R. Civ. P. 9(b)** see **N. Am. Catholic Educ. Programming Found Inc. v.**
**Cardinalz,** 567 F.3d 8, 13-14 (1st Cir. 2009). The particularity stan-
dard is satisfied if a plaintiff alleges the who, what, where and
when of the allegedly false or fraudulent representation. See **Rods**
**v. S. New England School of Law,** 389 F.3d 5, 15 (1st Cir. 2004). In
New Hampshire, fraudulent misrepresentation requires proof of **(1)**
a knowing misrepresentation of a false material fact; **(2)** a fraudu-
lent intent; **(3)** the claiming party's justifiable reliance on the
misrepresentation, and **(4)** damages caused to claimant by that reli
ance. See **Nashua Trust Co. v. Weisman,** 122, N.H. 397, 400, 445 A. 2nd

(-5-)

1101 (1982). An "intentional concealment of a material fact" as opposed to an affirmative misrepresentation can be fraud if the concealing party had a duty to disclose "arising from the relation of the parties." See **Lamrey v. Britton Constr.**, 163 N.H. 252, 263, 37 A 3d 359 (2012).

**Claim One**
**Fraudulent Misrepresentation:**

To establish fruad under New Hampshire law, a plaintiff must prove that the defendant made a representation with knowledge of its falsity or with conscious indifference to its truth with the intention to cause another to rely upon it. The Plaintiff must also demonstrate justifiable reliance. See **Fogle v. Wilmington Fin.**, 2011 U.S. Dist. Lexis 10115 **at 28.** (N.H. January 31, 2011). The Plaintiff asserts that the defendants negligently and falsely represented the trustworthiness of **Sturm Ruger's** firearm records. The factual background, as noted above, based on the record and viewing all questionable assertations in the light most favorable to the Plaintiff follows.

As noted, **Mr. Danaher** received a subpoena from the government commanding the production of all documents pertaining to the investigation of the Plaintiff on the guns. General counsel **Mr. Danaher** from **Sturm Ruger** was assigned to handle the reponse to the subpoena. In meeting about how to respond to the subpoena, **Mr. Danaher** divulged to **Ms. Pristula** and **Ms. Dyer** that the company possessed the real documents on the firearms, but **Mr. Danaher** took the position that these documents were irrelevant to the Court's order. Because they could all submit sworn affidavit on the company behalf. The Plaintiff contends that the government used the corporation as an instrument in it's scheme and thus this was one of the means through which

**(-6-)**

the government perpetrated the fraud. See Exhibit (**Sturm Ruger**) let-
ter dated January 6, 2004). The Government though not a co-conspira-
tor of the company does not have clean hands. See **Cox v. United
States**, 2014 U.S. Dist. Lexis 195081 at **2**. (D. Conn. July 2, 2014).
They on the other hand ignored clear signs that this information was
fraud. See (**Google on Sturm Ruger's firearm information**).

The Plaintiff then tracked **Sturm Ruger's** actions related to the ex-
culpatory evidence that he asserted was unlawfully withheld during
his criminal proceeding. See Exhibit (Plaintiff letter to **Sturm Rug-
er** dated April 12, 2019). Plaintiff points out that the **Billups** re-
ports and other company reports first went unmentioned or were chara-
cterized as assorted paperwork by **ATF** investigators in police re-
ports. This was not an oversight, but reflected a collective deci-
sion on the part of **Mr. Danaher** and others to deny the existence of
this highly probative material. The Plaintiff points out that around
the same time, **Mr. Danaher** discouraged the district court from follo-
wing up on an allegation of evidence tampering by the government.
**Cox**, 2104 Dist. Lexis at **2**.

For example many of **Sturm Ruger's** employees gave misleading state-
ments in their sworn affidavits. This gives the Plaintiff **no real
chance to defend**. With enough details, the Plaintiff might be able
to question its employees or search it's records and find documents
or information that would allow him to defend against. See **Nashua
Trust Co. v. Weisman,** 122 N.H. 397, 400, 445 A. 2d 1101 (1982). As
noted above **Sturm Ruger** or people acting for them were on the receiv-
ing end of the allegedly fraudulent documents. The Plaintiff asserts
that they know or at least, at one time knew who gave them advice or

made representation to them, when and how the affidavits should be
made to the Court. Under the common law of New Hampshire, the tort
of intentional misrepresentation, or fraud, must be proved by show-
ing that the representation was made with knowledge of its falsity
or with conscious indifference to its truth and with the intention
of causing another person to rely on the representation. The Plain-
tiff notes, that **Ms. Pritula**'s actions fall squarely within the ...
scope of criminal conduct that is attributable to a corporate employ-
er. See **Odd v. Malone,** 538 F.3d 202, 213, (3d Cir. 2008). Moreover,
**Ms. Pritula** was acting both within the scope of her employment as an
administrative officer of the company. The evidence at hand showed
that **Ms. Pritula's** insertion of fraudulent statements in her sworn
affidavit filing with the district court served the purpose of meet-
ing with **Ms. Dyer** on the matter for **Sturm Ruger.** It is the Plain-
tiff's position that the defendant's behavior when considered in the
light of all the circumstances was tantamount to a representation
that **Sturm Ruger** was not trustworthy, that this representation was
false and had been negligently made; that the district court relied
on the representation and the Plaintiff suffered as a consequence
thereof. See **Cox v. United States,** 783 F.3d 145, 150 (2d Cir. 2015).

### Claim Two

### Intentional Infliction of Emotional Distress:

The Plaintiff asserts 'Intentional Infliction of Emotional Dis-
tress' as against all defendant's contending that they either ....
through their own actions, or vicariously acted in a manner that ex-
ceeded all reasonable bounds of decency with an intent to inflict
emotional distress upon him. See **Bourque v. Bow,** 736 F. Supp. 398,
404 (D. N.H. 1990).

(-8-)

Plaintiff contends that he was shocked by the incidents of the
company **Sturm Ruger** and that the defendants acted out of a desire to
embarass him in public for no legitimate reason and subject him to
further humiliation and longer incarceration. See **Cox v. United**
**States,** 2014 U.S. Dist. Lexis 195081 **at** _2_. (D. Conn. July 2, 2014).
Under New Hampshire state law, tort of Intentional Infliction of
Emotional Distress has four elements, **(1)** extreme and outrageous con-
duct, **(2)** intent to cause severe emotional distress, **(3)** a casual
connection between the conduct and the injury and **(4)** severe emotion-
al distress. **Bourque,** 736 F. Supp. at 404.

Here, Plaintiff's asserts against the defendants are plainly suffi-
cient as a matter of law, to meet the extreme and outrageous conduct
element of a claim of emotional distress. As noted above, the Dis-
trict Court published to third parties, that he was guilty of fraud
on the court even though they knew the allegation was false. **Cox,**
2014 U.S. Dist. Lexis at _2_. The Plaintiff also explained in his letter
to **Sturm Ruger** dated ~~on April 12~~, 2019, the negative impa~~ct of the~~
company's persistent refusal to clear his name of fraud on the court.
This action provides several statistics suggesting that African
Americans are underrepresented within the justice system. See **Cox v.**
**United States,** 783 F.3d 145, 150 (2d Cir. 2015) and also see (**Plain-**
**tiff Affidavit**). Accordingly, Plaintiff has established that he has
suffered an injury in fact.

### Conclusion

Based on the above record and files of this case, the Plaintiff
respectfully requests the Honorable Court to carefully consider his
Complaint and to grant him relief in this case to which the Honor-
able Court may deem Plaintiff is justly entitled.

Respectfully Submitted,

*Clinton D Cox  11-22-19*

Clinton D. Cox
# 13883-014
F.C.I. Pekin
P.O. Box 5000
Pekin, Ill. 61555-5000


## CERTIFICATE OF SERVICE:

I, Clinton D. Cox do hereby attest that I placed the aforegoing
Complaint in a First-class envelope with pre-paid postage and on
the _22_ day of December, 2019 did so mail it to the party below.

**United States Courthouse
55 Pleasant Street, Room 110
Concord,New Hampshire  03301**


Signed by:

*Clinton D Cox  12-22-19*

Clinton D. Cox
# 13883-014
FCI Pekin
P.O. Box 5000
Pekin, Ill. 61555-5000


(-10-)

## **AFFIDAVIT**

My name is Clinton D. Cox, I am over the age of eighteen (18) years, I am of sound mind and suffer from no legal disabilities. I am fully competent to testify to the matter stated herein. I have personal knowledge of all the facts stated in this affidavit.

**(1)** I state for the record after spending almost 20 years in prison. I caught a major break in my case. I found **Mr. Desmond Billups,** who was arrested and charged in the city of Bridgeport, Connecticut on or about April 23, 1999, for carrying a pistol without a permit. According to his arrest records, the firearm recovered by the Bridge-port Police Department off of **Mr. Billups,** was a Sturm Ruger pistol model P85 bearing the same serial numbers as the information in **Ms. Jennifer Dyer's** affidavit.

**(2)** I state that **Mr. Robert L. Danaher,** reached an agreement with other defendant's to frame me for a crime that I did not commit by fabricating sworn documents. **Mr. Danaher** met with other like minded individuals to craft a false yet detailed narrative that vindicated the government of any wrong doing and implicated me on the other end with fraud on the court.

**(3)** I state that the company Sturm Ruger deprived me of my rights to a fair hearing on my motion for a new trial by fabricating evidence which resulted directly in my unjust criminal convictions. There's a reason why **Mr. Danaher** has had to pretend that Sturm Ruger is more honest than it actually is, and that's because its part of the same system that thrives with at least a certain level of getting away with some deception.

**(4)** I also state for the record that this new information material excluded Sturm Ruger's fabricated employee documents. And this new information from **Mr. Billups** arrest reports would indicate instead that Sturm Ruger employee's was most likely to fabricate their sworn affidavits.

**(-1-)**

**(5)** I state for the record that the district court shrugged off Sturm Ruger as perpetrators of the fraud, they frequently relied on Mr. Danaher's deposition to support their proposed findings of fact. See, **Cox v. United States,** 783 F.3d 145, 150 (2d.Cir. 2015). As noted, Cox's frist claim is that his trial counsel was ineffective for failure to investigate evidence that weapons, which a witness testified Cox had traded for drugs, were not manufactured until after the events in question. Id. at 150.

**(6)** I state that this is the reason why I am still in prison today, because of Sturm Ruger's actions. See **Cox v. United States,** 2014 U.S. Dist. Lexis 195081 (D.Conn. July 2, 2014). As noted, Judge Thompson stated as follows; "If there's one thing that I want Mr. Cox to take away from this hearing when he's setting around and talking with people as to why he didn't get a lower sentence, he should understand that the fact that he attempted to commit a fraud on the Court is a significant reason as to why he did not get a lower sentence." Id. at 4.


I swear under the penalty of perjury, pursuant to 28 U.S.C. § 1746, that the above is a true statement.

_Clinton D. Cox_

Clinton D. Cox   _12-22-2019_


Personally appeared, Clinton D. Cox, known to me, who swore to the truth of the statements in the foregoing Affidavit and acknowledged the same to be his free act and deed before me.

Dated: _12-22-2019_

_____

Notary Public


**(-2-)**