UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Clinton D. Cox

    v.                                      Case No. 19-cv-1268-JL

Sturm Ruger & Co., Inc., et al.


**REPORT AND RECOMMENDATION**


Plaintiff Clinton D. Cox, a federal prison inmate, has sued firearm manufacturer Sturm Ruger & Co., Inc. ("Sturm Ruger) and several Sturm Ruger employees under a variety of legal theories related to testimony at his criminal trial in 2001.[1] Plaintiff's complaint (Doc. No. 1) has been referred to the undersigned magistrate judge for preliminary review, pursuant to LR 4.3(d) and 28 U.S.C. § 1915(e)(2). For the reasons that follow, plaintiff's complaint should be dismissed because it is barred by the applicable statute of limitations.

**I.  Preliminary Review Standard**

The magistrate judge conducts a preliminary review of complaints, like the plaintiff's, which are filed in forma

---

[1] Plaintiff was convicted of drug and firearms charges. See United States v. Cox, 324 F.3d 77 (2d Cir. 2003). The firearms conviction was later vacated for reasons unrelated to the current lawsuit, and Cox was resentenced on the drug convictions alone. See Cox v. United States, 783 F.3d 145, 146 n.1 (2d Cir. 2015).

pauperis. See LR 4.3(d). The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d). In conducting its preliminary review, the court construes pro se complaints liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

## II. Background[2]

In plaintiff's own words, "[t]he factual allegations in the complaint against the Sturm Ruger company, boil down to statements made by it's [sic] employees in a criminal matter with the United States District Court in Connecticut." (citations omitted). Plaintiff specifically maintains that Sturm Ruger's custodian of records, aided by others, delivered false testimony regarding the company's firearm records. Complaint (Doc. No. 1) at 2.

---

[2]The facts recited herein are taken from plaintiff's complaint. Only those facts necessary for the court to complete its preliminary review are included in this report and recommendation.

Cox asserts state law claims of fraudulent misrepresentation and intentional infliction of emotional distress based on what he describes as false testimony.

**III. Discussion**

The entirety of plaintiff's compliant is based on actions the defendants allegedly took at his trial in 2001. As such, they are barred by New Hampshire's three-year statute of limitations. See N.H. Rev. Stat. Ann. § 508:4, I ("Except as otherwise provided by law, all personal actions . . . may be brought only within 3 years of the act or omission complained of . . ."). Moreover, it appears that plaintiff has been pursuing the theory underlying this case at least as far back as 2004, when he moved for a new trial based on claims similar to those he makes here. See Cox, 783 F.3d at 146 ("In 2004, [Cox] moved for a new trial, arguing that the Government knowingly allowed witnesses to testify falsely at trial to his transactions in guns of a type that had not yet been manufactured); Cox v. United States, No. 3:00cr0069(AHN), 2006 WL8426455, at *1 (D. Conn. Feb. 16, 2006) ("In support of this contention Cox submitted a letter from the gun manufacturer Sturm, Ruger & Co., Inc., purporting to list the shipment dates of two guns with

3

certain serial numbers."").[3] Given his years-long pursuit of the theory that Sturm Ruger employees provided false testimony, Cox cannot avail himself of the "discovery rule" built into the New Hampshire limitations period, which extends the limitations period to "3 years [after] the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its causal relationship to the act or omission complained of," but only if "the injury and its causal relationship to the act or omission were not discovered and could not reasonably have been discovered at the time of the act or omission."  N.H. Rev. Stat. Ann § 508:4, I.

Where the facts alleged in the complaint show that the claims are time-barred, and there is no possibility that the statute may have been tolled, the court may dismiss the complaint on preliminary review.  See Pigott v. Lynn Police Dep't, 7 F.3d 218, 1993 WL 375821, at *5 (1st Cir. Sept. 27, 1993).  So it is here.  Plaintiff's complaint should be dismissed as untimely.

**IV. Conclusion**

For the foregoing reasons, the district judge should dismiss plaintiff's complaint.  See 28 U.S.C. § 1915(e)(2).  Any

---

[3] The trial court rejected Cox's new trial motion after determining that the letter in question, upon which Cox also relies here, was altered.  Cox, 2006 WL 8426455 at *1.

4

objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

April 6, 2020

cc:  Clinton D. Cox, pro se